# Exhibit "A"

12/21/2020 3:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49144541
By: Bernitta Barrett
Filed: 12/21/2020 3:53 PM

## 2020-81959 / Court: 165

NO. _____

| | | |
|---|---|---|
| CHAN INTHAVONG, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NICK ROOSA AND NORTHWEST | § | |
| LOGISTICS HEAVY HAUL, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL PETITION

Chan Inthavong ("Plaintiff" or "Mr. Inthavong") files his Original Petition against Nick

Roosa and Northwest Logistics Heavy Haul (collectively, "Defendants") as follows:

### I.    DISCOVERY

Plaintiff intends to conduct discovery under Level 2 of TEX. R. CIV. P. 190.

### II.    NATURE OF ACTION

1.    This is a negligence, negligence *per se*, and/or gross negligence cause of action.

Because of Defendants' negligence, negligence *per se*, and/or gross negligence, Plaintiff suffered

severe personal injuries.

### III.    PARTIES

2.    Mr. Inthavong is an individual residing in and a citizen of Harris County, Texas.

3.    Nick Roosa ("Mr. Roosa") is a non-resident motorist and since this suit arises from

Mr. Roosa's operation of a motor vehicle in this state, he may be served pursuant to Texas Civil

Practice and Remedies Code, Section 17.061 and 17.062, *et seq.* through Bruce Bugg, Jr., in his

official capacity as the Chair of the Texas Transportation Commission, at 125 E. 11th Street,

Austin, Texas 78701-2483.  Once process is served on the Texas Transportation Commission, the

Commission is requested to immediately mail a copy of the process by registered mail or by

PLAINTIFF'S ORIGINAL PETITION- page 1
20041/2.1

certified mail return receipt requested to the Defendant's home address as follows:

> Nick Roosa
> 9540 SW 25th Street
> Oklahoma City, Oklahoma 75128

4.      Northwest Logistics Heavy Haul ("Northwest Logistics") is a foreign for-profit corporation doing business in Texas.  Pursuant to Tex. Civ. Prac. & Rem. Code §§ 17.044 and 17.045, because Northwest Logistics is a nonresident who engages in business in Texas, but has not designated or maintained a resident agent for service of process in this state or a regular place of business in this state, the Texas Secretary of State is an agent for service of process on this Defendant, and service of process may be obtained over this Defendant by serving process on the Secretary of State.  Once process is served on the Texas Secretary of State, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to the Defendant's home office as follows:

> Northwest Logistics Heavy Haul
> 2900 W Reno Avenue
> Oklahoma City, Oklahoma 73107

## IV.      JURISDICTION AND VENUE

5.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

6.      This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

## V.      FACTUAL BACKGROUND

7.      On or about July 12, 2019, Plaintiff was performing work with Exterran Corporation, located at 4444 Brittmoore Street in Harris County, Texas.  That day, Mr. Inthavong

was working on top a cherry picker when, without notice, the cherry picker was struck by a tractor trailer operated by Mr. Roosa, causing the cherry-picker and Plaintiff to fall to the concrete floor ("the Incident"). As a result of the Incident, Mr. Inthavong severe personal injuries.

8.      Upon information and belief, Mr. Roosa was in the course and scope of his employment with Northwest Logistics and operating under its logo at the time of the Incident.

## VI.     CAUSES OF ACTION

### A.     NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE OF NICK ROOSA

9.      Plaintiff incorporates all factual allegations made above.

10.     Mr. Roosa is liable to Plaintiff for his negligent acts and/or omissions and negligence *per se* including, but not limited to:

   a.      failing to control the vehicle;

   b.      driver fatigue, incompetence, or inattention;

   c.      violating TEX. TRANS. CODE § 545.401 by driving in a reckless manner; and

   d.      other acts and omissions to be proven at trial.

11.     Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence and/or malice. Mr. Roosa's acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Mr. Roosa had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

### B.     NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE OF NORTHWEST LOGISTICS HEAVY HAUL

12.     Plaintiff incorporates all factual allegations made above.

13.     Northwest Logistics was negligent by virtue of certain acts and/or omissions, including, but not limited to:

      a.     failing to institute proper and effective safety policies, procedures, and programs for screening, training, and supervision;

      b.     failing to employ or contract reasonably competent personnel;

      c.     hiring and continuing to retain a driver it knew or should have known was not reasonably competent and entrusting its vehicle to him;

      d.     retaining control over safety and failing to reasonably exercise that control;

      e.     failing to provide reasonable and competent supervision, and

      f.     other acts and omissions to be proven at trial.

14.     Upon information and belief, at the time of the Collision, Mr. Roosa was employed by, in the furtherance of the business of and/or the statutory employee of Northwest Logistics. Mr. Roosa was also under the operating and logo authority of Northwest Logistics. Therefore, Northwest Logistics is liable for damages caused by Mr. Roosa's negligence under the doctrine of *respondeat superior*.

15.     Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence and/or malice. Northwest Logistics' acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Northwest Logistics had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## VII.   CAUSATION AND DAMAGES

16.     Plaintiff incorporates all factual allegations made above.

17.     As a proximate result of Defendants' negligent acts and/or omissions, Plaintiff has

suffered in the past and will continue to suffer in the future: medical expenses; loss of earning capacity; loss of own household services; pain and suffering; mental anguish; physical impairment; emotional distress; disfigurement; and loss of enjoyment of life.

18.    Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in excess of $1,000,000.

## VIII.   ALTERNATIVE PLEADINGS

19.    To the extent facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## IX.   JURY DEMAND

20.    Plaintiff demands a trial by jury on all of his claims, the jury fee having been deposited with the Clerk of the Court.

## X.   RULE 193.7 NOTICE

21.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by Defendants in response to any discovery request may be used at any pretrial proceeding or in the trial of this matter.

## XI.   PRESERVING EVIDENCE

22.    Plaintiff request that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit or the damages resulting therefrom.  Failure to maintain such evidence will constitute "spoliation" of the evidence.

## XII.   REQUEST FOR DISCLOSURE

23.    Plaintiff request that each Defendant provide Plaintiff with the information or material described in Rule 194.2(a)-(1) of the Texas Rules of Civil Procedure at the offices of the undersigned counsel within 50 days of service of this document.

## XIII.   PRAYER

24.     Plaintiff prays that judgment be entered against Defendants for:

      a.     actual compensatory damages;

      b.     all costs of court expended herein;

      c.     pre-judgment and post-judgment interest at the maximum rate allowed by law;

      d.     exemplary damages; and

      e.     all other relief to which Plaintiff is justly entitled.

Dated:    December 21, 2020
          Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By: _____
    J. Moises Cedillos
    State Bar No. 24080828
    3801 Kirby Dr., Suite 510
    Houston, Texas 77098
    (832) 900-9456
    (832) 900-9456 (fax)
    moises@cedilloslaw.com

    ATTORNEY FOR PLAINTIFF

Unofficial Copy Office of Marilyn Burgess District Clerk

**PLAINTIFF'S ORIGINAL PETITION**- page 7
20041/2.1

12/21/2020 3:53:07 PM
Marilyn Burgess District Clerk
Harris County
Envelope No: 49144541
By: BARRETT, BERNITTA L
Filed: 12/21/2020 3:53:07 PM

## 2020-81959 / Court: 165

NO. _____

| | | |
|---|---|---|
| CHAN INTHAVONG, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NICK ROOSA AND NORTHWEST | § | |
| LOGISTICS HEAVY HAUL, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendants. | § | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

To:   Northwest Logistics Heavy Haul, by and through the Texas Secretary of State, at 2900 W Reno Avenue, Oklahoma City, Oklahoma 73107.

Nick Roosa, by and through the Chair of the Texas Transportation Commission, at 9540 SW 25th Street, Oklahoma City, Oklahoma 75128, or wherever he may be found.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff serves the following First Set of Interrogatories to on Northwest Logistics Heavy Haul and Nick Roosa. Defendants are hereby required to answer separately, fully, in writing, and under oath, the following interrogatories, which are deemed to be continuing, and to serve answers to them upon the undersigned attorneys, counsel for Plaintiff, on or before fifty (50) days from the date of service hereof.

<u>**DEFINITIONS**</u>

As used herein, the following terms shall have the meanings indicated below:

1.     "Persons" shall include individuals, natural persons, firms, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

2.     "Persons" shall include individuals, natural persons, firms, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

3.     "Plaintiff" or "Mr. Inthavong" shall mean Chan Inthavong.

4.     "Mr. Roosa" shall mean Nick Roosa, driver of the tractor trailer involved in the Incident.

5.     "Northwest Logistics" shall mean Northwest Logistics Heavy Haul, and all agents, representatives and other persons acting on behalf of the foregoing.

6.     "Defendants" shall mean Northwest Logistics and Mr. Roosa, collectively and individually.

7.     "You" or "your" shall refer to each respective party to whom this request is directed, and each such party's agents, servants, representatives and persons acting on their behalf.

8.     "Tractor Trailer" shall mean the tractor trailer driven by Mr. Roosa at the time of the Incident.

9.     "Cherry Picker" shall mean the cherry picker involved in the Incident.

10.     "Incident" shall refer to the incident on or about July 12, 2019, when the Tractor Trailer struck the Cherry Picker, while Plaintiff was located on top of the Cherry Picker.

11.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests for production inclusive rather than exclusive.

12.     "Referring to" "relating to" or "concerning" means to consist of, refer to, arise from, reflect or be in any way logically or factually connected to, directly or indirectly, with a matter

discussed either in whole or in part.

13.    "Records of Duty Status" refers to records maintained by Northwest Logistics that include the date, driver's name, duty status, elected cycle, hours when duty status begins and ends, total number of hours spent in each duty status for each day, use of off-duty deferral, use of adverse driving and emergency exemptions, and odometer readings for any personal use of the vehicle.

14.    As used herein, the terms "identify" or "identification":

a.    when used in reference to a person, "identify" or "identification" shall mean to state his/her full name, job description, present or last known residence address and telephone number, and present or last known business address and telephone number.

b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" shall mean to state its full name, present or last known business address or operating address and telephone number, and the name of its chief executive officer and telephone number.

c.    When used in reference to a document, "identify" or "identification" shall include a statement of the following:

i.    the title, heading, or caption, if any, of such document;

ii.    the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

iv.    the number of pages and the general nature of description of such document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, *etc.*), with sufficient particularity so as to enable such document to be precisely identified;

v.    the name and capacity of the person who signed such document; if it is not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      vi.  the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document or copy thereof was sent; and,

      vii.  the physical location of the document and the name of its custodian(s).

d.    When used in reference to an event, such as a fire or explosion, "identify" or "identification" shall mean to state the following:

      i.  type of event;

      ii.  date of the event;

      iii.  precise location of the event;

      iv.  cause of the event (if known); and,

      v.  result of the event in terms of damages and/or interruption of operations.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

**INTERROGATORY NO. 1:**

Please identify each person answering these interrogatories or supplying information in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Have you been properly named and served as a Defendant? If not, please describe any defect in service or in the name used.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please identify each person you may call to testify at trial. TEX. R. CIV. P. 192.3(d).

**ANSWER:**

**INTERROGATORY NO. 4:**

For each consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please provide:

(1)     the consulting expert's name, address, and telephone number;

(2)     a description of the facts and documents known by the consulting expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case, regardless of when and how the factual information was acquired;

(3)     a description of the consulting expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them; and,

(4)     a description of any bias of the consulting expert.

TEX. R. CIV. P. 192.3(e).

**ANSWER:**

**INTERROGATORY NO. 5:**

      Describe in your own words how the Incident occurred and state specifically and in detail what you claim or contend caused or contributed to the Incident, including a statement of the facts or information upon which you base your contention(s).

**ANSWER:**

**INTERROGATORY NO. 6:**

      State whether Mr. Roosa consumed any alcoholic beverage(s) or took any illegal drug(s) or prescription medication(s) in the 24-hour period prior to the Incident, and identify the beverage(s), illegal drug(s), or prescription medication(s), time of consumption, amount, and if a prescription medication was taken, identify the prescribing doctor and the prescription.

**ANSWER:**

**INTERROGATORY NO. 7.:**

      If you contend the damages made the basis of this lawsuit were the result of the negligent acts or omissions of someone besides you, please identify that person or entity and state with specificity each and every negligent act or omission you contend caused the damages.

**ANSWER:**

**INTERROGATORY NO. 8:**

      Has Mr. Roosa ever been arrested or convicted of a crime?  If so, please state:

a.  the precise nature of the offense or charges;

b.  the date of the offense or charges;

c.   the location of the offense; and,

d.   if applicable, the cause number and county where the conviction took place.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 9:**</u>

If Mr. Roosa was acting within the course and scope of his employment with, or as an

agent for, any person or entity at the time of the Incident, please identify his employer or principal.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 10:**</u>

Please identify the owner of the Tractor Trailer at the time of the Incident.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 11:**</u>

Please describe the relationship between and among Mr. Roosa and Northwest

Logistics.

<u>**ANSWER:**</u>

<u>**INTERROGATORY NO. 12:**</u>

Please identify whose authority Mr. Roosa was operating under at the time of the

Incident for the purposes of the United States Department of Transportation and the Federal Motor

Carrier Safety Act.

<u>**ANSWER:**</u>

Dated:   December 21, 2020
         Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By:
J. Moises Cedillos
State Bar No. 24080828
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456
(832) 900-9456 (fax)
moises@cedilloslaw.com

ATTORNEY FOR PLAINTIFF

12/21/2020 3:53:07 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 49144541
By: BARRETT, BERNITTA L
Filed: 12/21/2020 3:53:07 PM

## 2020-81959 / Court: 165

NO. _____

| | | |
|---|---|---|
| CHAN INTHAVONG, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NICK ROOSA AND NORTHWEST | § | |
| LOGISTICS HEAVY HAUL, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendants. | § | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

To:     Northwest Logistics Heavy Haul, by and through the Texas Secretary of State, at 2900 W Reno Avenue, Oklahoma City, Oklahoma 73107.

Nick Roosa, by and through the Chair of the Texas Transportation Commission, at 9540 SW 25th Street, Oklahoma City, Oklahoma 75128, or wherever he may be found.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff serves the following First Request for Production on Northwest Logistics Heavy Haul and Nick Roosa, and request that Defendants produce the following documents within fifty (50) days from service of this request.

Unofficial Copy Office of Marilyn Burgess District Clerk

**INSTRUCTIONS**

1.      Defendants must either produce the requested documents and tangible things as they are kept in the usual course of business or organize and label them to correspond with the categories in the request.

2.      In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addresser, addressee, each recipient thereof, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, a description of the contents and subject matter, the date of its destruction, the manner of its destruction, the name, title, and address of person who authorized its destruction, the reason for its destruction, the name, title and address of the person destroying the document and a description of efforts to locate the document and copy it.

3.      The requests for documents set forth below shall be deemed to be continuing so as to require supplemental responses if additional documents specified are obtained or discovered between the time of responding to this request and the final disposition of this action.

**DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

1.      "Persons" shall include individuals, natural persons, firms, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

2.      "Plaintiff" or "Mr. Inthavong" shall mean Chan Inthavong.

3.      "Mr. Roosa" shall mean Nick Roosa, driver of the tractor trailer involved in the Incident.

4.      "Northwest Logistics" shall mean Northwest Logistics Heavy Haul, and all agents, representatives and other persons acting on behalf of the foregoing.

5.      "Defendants" shall mean Northwest Logistics and Mr. Roosa, collectively and

individually.

6.      "You" or "your" shall refer to each respective party to whom this request is directed, and each such party's agents, servants, representatives and persons acting on their behalf.

7.      "Tractor Trailer" shall mean the tractor trailer driven by Mr. Roosa at the time of the Incident.

8.      "Cherry Picker" shall mean the cherry picker involved in the Incident.

9.      "Incident" shall refer to the incident on or about July 12, 2019, when the Tractor Trailer struck the Cherry Picker, while Plaintiff was located on top of the Cherry Picker.

10.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests for production inclusive rather than exclusive.

11.     "Referring to" "relating to" or "concerning" means to consist of, refer to, arise from, reflect or be in any way logically or factually connected to, directly or indirectly, with a matter discussed either in whole or in part.

12.     "Document(s)" is used in the broadest sense and shall include all tangible items of any nature, both original and copies (whether or not identical), and all attachments and appendices thereof and all drafts thereof including, but not limited to, agreements, contracts, communications, correspondence, letters, telegrams, text messages, emails, memoranda, records, reports, books, summaries or other records of personal conversations, minutes, summaries or other records of meetings and conferences, summaries or other records of negotiation, diaries, diary items, calendars, appointment books, time records, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising,

recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, orders, confirmations, meetings, checks, canceled checks, letters of credit, envelopes, folders or similar containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, voice recordings, video records, film, tape, punch cards, programs, and data computations from which information can be obtained or translated into usable form (including matter used in data processing) and any other writing of whatsoever description including, but not limited to, any information contained in any computer, although not yet printed out within the possession, custody or control of Defendants, their agents, representatives or attorneys.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

### REQUEST FOR PRODUCTION NO. 1:

All documents that contain information from persons with knowledge of relevant facts relating to the Incident and the injuries caused thereby, including but not limited to written or recorded statements.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

All photographs, videos, sketches and drawings of the Tractor Trailer, Plaintiff, the Cherry Picker, the Incident or the scene of the Incident at the time of the Incident or subsequent to the Incident.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

All metadata for all photographs and videos of the Incident.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

All employee manuals, handbooks, policies and procedures in any way relating or referring to vehicle or driver safety, hiring, qualifying and retaining drivers of Northwest Logistics vehicles utilized by Northwest Logistics at the time of the Incident.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

All contracts, subcontracts or written agreements between Mr. Roosa and Northwest Logistics.

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS-- Page 5
20041/2.4.2

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6:**

       All of Mr. Roosa's application(s) for employment with Northwest Logistics.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 7:**

       All written correspondence, memoranda, notes or other writings referencing directly or indirectly the employment of Mr. Roosa, or the use or operation by Mr. Roosa of any vehicle owned by Northwest Logistics.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 8:**

       All documents required in qualifying Mr. Roosa as a driver of a Northwest Logistics vehicle, including, but not limited to:

      a.     all responses of state agencies to inquiries concerning Mr. Roosa's prior driving record;

      b.     all responses of previous employers to inquiries concerning Mr. Roosa's past employment;

      c.     copies of annual review(s) of Mr. Roosa's driving record;

      d.     lists of Mr. Roosa's violations of motor vehicle traffic laws and ordinances (required at time of hire and annually thereafter);

      e.     Mr. Roosa's road test (or equivalent);

      f.     Mr. Roosa's written examination (or equivalent); and,

      g.     Mr. Roosa's physical examination (long form), including controlled substance testing results.

**RESPONSE**:

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS** -- Page 6
20041/2.4.2

**REQUEST FOR PRODUCTION NO. 9:**

Documentation of all of Mr. Roosa's controlled substance tests, including pre-employment, random, and post-collision testing while employed by Northwest Logistics.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating or referring to Mr. Roosa's ability to drive a company vehicle safely, including, but not limited to, letters of warning and records of disciplinary actions, including, but not limited to those pertaining to this Collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating or referring to Mr. Roosa's driving training or safety programs while employed by Northwest Logistics, including but not limited to sign-in sheets pertaining to Mr. Roosa's attendance at driver safety meetings and driver training programs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting your instructions to operators of Northwest Logistics vehicles concerning the provisions of motor vehicle traffic laws and ordinances at the time of the Collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All records pertaining to or relating or referring to any collisions or accidents in which Mr. Roosa was involved while employed by Northwest Logistics.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All lease or ownership agreement(s) pertaining to the Tractor Trailer at the time of the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

All insurance policies or other contractual arrangement that may obligate an insurance company or other person, firm or corporation to provide any investigative services or defense for Northwest Logistics or may be obligated to pay any portion of any judgment that may be rendered against Northwest Logistics.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All documents pertaining to the insurance coverage applicable to the Tractor Trailer, including, but not limited to all insurance agreements and declarations in effect at the time of the Collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

All documents pertaining, relating or referring to reporting or investigating the Incident, including but not limited to any company accident investigation/incident report.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All document(s) pertaining to reviews of Mr. Roosa's employment and driving history since being employed with you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

The title to the Tractor Trailer Mr. Roosa was driving on the date of the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

A copy front and back of Mr. Roosa's driver's license.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Mr. Roosa's complete personnel file, including all qualification records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All reservation of rights letters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All documents you have subpoenaed or otherwise received from any third party during or in connection with this lawsuit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 24:

All documents obtained by you pursuant to a deposition by written questions.

## RESPONSE:



Dated:     December 21, 2020
           Houston, Texas

                              Respectfully submitted,

                              CEDILLOS LAW FIRM, PLLC

                              By:
                                 J. Moises Cedillos
                                 State Bar No. 24080828
                                 3801 Kirby Dr., Suite 510
                                 Houston, Texas 77098
                                 (832) 900-9456
                                 (832) 900-9456 (fax)
                                 moises@cedilloslaw.com

                              ATTORNEY FOR PLAINTIFF

Unofficial Copy Office of Marilyn Burgess District Clerk

12/21/2020 3:53:07 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 49144541
By: BARRETT, BERNITTA L
Filed: 12/21/2020 3:53:07 PM

**CIVIL PROCESS REQUEST**

**2020-81959 / Court: 165**

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY TO BE SERVED |
| :---: |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types):** Plaintiff's Original Petition, Plaintiff's First Request for Production to Defendants and Plaintiff's First Set of Interrogatories to Defendants

**FILE DATE OF MOTION:** _____

                                                12       21       2020
                                                  Month/    Day/    Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME:  Nick Roosa

   ADDRESS:  9540 SW25th Street, Oklahoma City, Oklahoma 75128

   AGENT, (*if applicable*):  _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):** _____

    **SERVICE BY (check one):**

      ☐ **ATTORNEY PICK-UP**         ☐ **CONSTABLE**

      ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:        Phone: _____

      ☐ **MAIL**                    ☐ **CERTIFIED MAIL**

      ☐ **PUBLICATION:**

          Type of Publication:   ☐ **COURTHOUSE DOOR, or**

                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____

      ☒ **OTHER,** *explain* Please email citation to the attorney at moises@cedilloslaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. NAME:  Northwest Logistics Heavy Haul

   ADDRESS:  2900 W Reno Avenue

   AGENT, (*if applicable*):  Oklahoma City, Oklahoma 73107

**TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):** _____

    **SERVICE BY (check one):**

      ☐ **ATTORNEY PICK-UP**         ☐ **CONSTABLE**

      ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:        Phone: _____

      ☐ **MAIL**                    ☐ **CERTIFIED MAIL**

      ☐ **PUBLICATION:**

          Type of Publication:   ☐ **COURTHOUSE DOOR, or**

                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____

      ☒ **OTHER,** *explain* Please email citation to the attorney at moises@cedilloslaw.com

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  J. Moises Cedillos           TEXAS BAR NO./ID NO.  24080828

MAILING ADDRESS:  3801 Kirby Dr. , Suite 510, Houston, Texas 77098

PHONE NUMBER:  832       900-9456         FAX NUMBER:  832       900-9456
                area code      phone number                        area code     fax number

EMAIL ADDRESS:  moises@cedilloslaw.com

Page 1 of 2

CIVPI08 Revised 9/3/99

CAUSE NO. 202081959

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 922831   TR# 73825117
EML

| | |
|---|---|
| Plaintiff: | In The 165th |
| INTHAVONG, CHAN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| ROOSA, NICK | Houston, Texas |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   NORTHWEST LOGISTICS HEAVY HAUL (A FOREIGN FOR-PROFIT CORPORATION)
2900 W RENO AVENUE
OKLAHOMA CITY OK 73107,

     Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION TO DEFENDANTS AND PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

This instrument was filed on December 21, 2020 in the above cited cause number and court.
The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on December 23, 2020, under my hand and seal of said court.

Issued at the request of:

J. Moises Cedillos
3801 KIRBY DRIVE, SUITE 510
HOUSTON, TX  77098
832-900-9456
Bar Number: 24080828

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO  Box  4651,  Houston,  TX
77210)

Generated By: BERNITTA BARRETT

Unofficial Copy Office of Marilyn Burgess District Clerk

Tracking Number: 73825117
EML

CAUSE NUMBER: 202081959

PLAINTIFF: INTHAVONG, CHAN

    vs.

DEFENDANT: ROOSA, NICK

In the 165th
Judicial District Court of
Harris County, Texas

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____,
20_____. Executed at

(Address) _____

_____ in

_____ County at o'clock ___. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true
copy of this Citation together with the accompanying _____ copy(ies) of the Petition.
Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of
_____, 20.

Fees $_____

_____

   By_____

      Affiant                                     Deputy

On this day, _____, known to me to be the
person whose signature appears on the foregoing return, personally appeared. After being by
me duly sworn, he/she stated that this citation was executed by him/her in the exact manner
recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20__

_____
                                    Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 202081959

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 922831
TRACKING #: 73825116
EML

| Plaintiff: INTHAVONG, CHAN | In The 165th |
| | Judicial Court of |
| vs. | Harris County, Texas |
| Defendant: ROOSA, NICK | |
| | Houston, Texas |

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

**To:   ROOSA, NICK**
9540 SW 25TH STREET
OKLAHOMA CITY OK 75128

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS AND PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

This instrument was filed on December 21, 2020, in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on  December 23, 2020, under my hand and seal of said court.

Issued at the request of:
J. Moises Cedillos
3801 KIRBY DRIVE, SUITE 510
HOUSTON, TX  77098
832-900-9456

Bar Number: 24080828

*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: BERNITTA BARRETT

EML

Tracking Number: 73825116

**CAUSE NUMBER: 202081959**

| | |
|---|---|
| PLAINTIFF: INTHAVONG, CHAN | In the 165th |
| vs. | Judicial District Court of |
| DEFENDANT: ROOSA, NICK | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. On the _____ day of _____, 20_____.
Executed at

(Address)_____
_____ in _____ County at o'clock ___. M. On the _____ day of
_____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this
Citation together with the accompanying _____ cop(ies) of the _____. Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____,
20__.

Fees $_____

_____                    By_____
            Affiant                                                           Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that
this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20____.

_____
                                    Notary Public

1/12/2021 4:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49642170
By: Joshua Bovell
Filed: 1/12/2021 4:35 PM

### CAUSE NO. 2020-81959

CHAN INTHAVONG                          §
**PLAINTIFF**                           §
                                        §
VS.                                     §                    IN THE 165th District Court
                                        §
NICK ROOSA, ET AL                       §                    HARRIS COUNTY, TX
**DEFENDANT**                           §
                                        §
                                        §
                                        §
                                        §

### RETURN OF SERVICE

**ON Saturday, January 9, 2021 AT 7:11 AM**
TWO COPIES: CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION TO DEFENDANTS, PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS,
CHECK TO TEXAS SECRETARY OF STATE FOR $55.00. for service on NORTHWEST LOGISTICS HEAVY
HAUL (A FOREIGN FOR-PROFIT CORPORATION) C/O TEXAS SECRETARY OF STATEcame to hand.

**ON Tuesday, January 12, 2021 AT 2:30 PM, I, ADRIANA ADAM, PERSONALLY DELIVERED
THE ABOVE-NAMED DOCUMENTS TO:** NORTHWEST LOGISTICS HEAVY HAUL (A FOREIGN FOR-
PROFIT CORPORATION) C/O TEXAS SECRETARY OF STATE, by delivering to Web Jerome, 1019
BRAZOS ST, AUSTIN, TRAVIS COUNTY, TX 78701

My name is ADRIANA ADAM. My address is 14524A HARRIS RIDGE BLVD. UNIT A, PFLUGERVILLE,
TX 78660. I am a private process server certified by the Texas Judicial Branch Certification
Commission (PSC 17714, expires 10/31/2021). My e-mail address is info@easy-serve.com. My date
of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is
based on personal knowledge. I am not a party to this case and have no interest in its outcome. I
declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Tuesday, January 12, 2021.

/S/ ADRIANA ADAM

20041

Doc ID: 278736_1

CAUSE NO. 202081959

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 922831    TR# 73825117
EML

| | |
|---|---|
| Plaintiff:<br>INTHAVONG, CHAN<br>vs.<br>Defendant:<br>ROOSA, NICK | In The 165th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   NORTHWEST LOGISTICS HEAVY HAUL (A FOREIGN FOR-PROFIT CORPORATION)
2900 W RENO AVENUE
OKLAHOMA CITY OK 73107,

    Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION TO DEFENDANTS AND PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

This instrument was filed on December 21, 2020 in the above cited cause number and court.
The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on December 23, 2020, under my hand and seal of said court.


Issued at the request of:

J. Moises Cedillos
3801 KIRBY DRIVE, SUITE 510
HOUSTON, TX  77098
832-900-9456
Bar Number: 24080828

                                   *Marilyn Burgess*

                                   Marilyn Burgess, District Clerk

                                   Harris County, Texas
                                   201 CAROLINE, Houston, TX 77002
                                   (PO  Box  4651,  Houston,  TX
                                   77210)

                                   Generated By: BERNITTA BARRETT

Tracking Number: 73825117
EML

CAUSE NUMBER: 202081959

PLAINTIFF: INTHAVONG, CHAN

    vs.

DEFENDANT: ROOSA, NICK

In the 165th
Judicial District Court of
Harris County, Texas

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address) _____
_____ in

_____ County at o'clock ____. M. On the _____ day of
_____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the Petition. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____
    By_____
       Affiant                                  Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__

_____
                                      Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

1/20/2021 9:00 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49846940
By: Joshua Bovell
Filed: 1/20/2021 9:00 AM

**CAUSE NO. 2020-81959**

| | | |
|---|---|---|
| CHAN INTHAVONG, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE  165TH DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TX |
| NICK ROOSA, ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

**DECLARATION OF MAILING**

**On Thursday, January 7, 2021 at 04:50 PM -** TWO COPIES: CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS, PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, CHECK TO TEXAS TRANSPORTATION COMMISSION FOR $25.00 **CAME TO HAND.**

**ON Tuesday, January 12, 2021 at 08:07 AM -** THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **NICK ROOSA C/O TEXAS TRANSPORTATION COMMISSION** AT **125 E 11TH ST, AUSTIN, TRAVIS COUNTY, TX 78701** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0078 2185 40)**

My name is Orlando M Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Saturday, April 30, 2022). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on Wednesday, January 20, 2021.

**/S/ Orlando M Ochoa**

Unofficial Copy Office of Marilyn Burgess District Clerk

Client Reference#: 20041

DocID: 278735-001

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| | A. Signature |
| **9590 9699 0430 0078 2185 42** | X ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes |
| NICK ROOSA C/O | If YES, enter delivery address below: ☐ No |
| TEXAS TRANSPORTATION COMMISSION | |
| 125 E 11TH ST | |
| AUSTIN, TX 78701 | 3. Service Type: |
| | ☒ Certified Mail |
| | ☐ Certified Mail Restricted Delivery |
| | Reference Information |
| | 278755-1 |
| 2. Certified Mail (Form 3800) Article Number | |
| 9314 7699 0430 0078 2185 40 | |
| PS Form 3811, Facsimile, July 2015 | Domestic Return Receipt |

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 202081959

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 922831
TRACKING #: 73825116
EML

| | |
|---|---|
| Plaintiff: INTHAVONG, CHAN | In The 165th |
| | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: ROOSA, NICK | |
| | Houston, Texas |

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

**To:**   **ROOSA, NICK**
9540 SW 25TH STREET
OKLAHOMA CITY OK 75128

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS AND PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

This instrument was filed on December 21, 2020, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on December 23, 2020, under my hand and seal of said court.

Issued at the request of:
J. Moises Cedillos
3801 KIRBY DRIVE, SUITE 510
HOUSTON, TX 77098
832-900-9456

Bar Number: 24080828

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: BERNITTA BARRETT

EML

Tracking Number: 73825116

**CAUSE NUMBER: 202081959**

| | |
|---|---|
| PLAINTIFF: INTHAVONG, CHAN | In the 165th |
| vs. | Judicial District Court of |
| DEFENDANT: ROOSA, NICK | Harris County, Texas |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. On the _____ day of _____, 20_____. Executed at

(Address)_____

_____ in _____ County at o'clock_____. M. On the _____ day of _____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the _____. Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20__.

Fees $_____

_____                     By_____
            Affiant                                                                      Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20___.

_____
            Notary Public

2/1/2021 9:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50212409
By: Kevin Childs
Filed: 2/1/2021 9:51 AM

CAUSE NO. 2020-81959

| | | |
|---|---|---|
| CHAN INTHAVONG, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NICK ROOSA AND NORTHWEST LOGISTICS HEAVY HAUL, | § | |
| | § | |
| *Defendants.* | § | 165TH JUDICIAL DISTRICT |

---

### DEFENDANTS NICK ROOSA AND NORTHWEST LOGISTICS HEAVY HAUL'S ORIGINAL ANSWER

---

COME NOW, Nick Roosa and Northwest Concrete Products, Inc., d/b/a Northwest Logistics Heavy Haul, incorrectly named herein as Northwest Logistics Heavy Haul, Defendants in the above entitled and numbered cause, and in answer to Plaintiff's Original Petition, would respectfully show unto this Honorable Court and Jury as follows:

I.

Defendants herein, pursuant to the provisions of Rule 92 of the *Texas Rules of Civil Procedure,* deny each and every, singular and all, the allegations contained in Plaintiff's Original Petition, and any subsequently filed petitions, and say that the allegations contained therein are not true, either in whole or in part, and demand strict proof thereof. Defendants further reserve the right to amend their answer at a future date in accordance with the *Texas Rules of Civil Procedure.*

II.

Pleading further, and in the alternative, and without waiving the foregoing, Defendants say that any damages resulting to Plaintiff were proximately caused by the Plaintiff doing that which persons of ordinary prudence would not have done in the exercise of ordinary care under the same

1

or similar circumstances, and/or by his failure to do that which persons of ordinary prudence would have done in the exercise of ordinary care under the same or similar circumstances. Plaintiff was comparatively, contributorily and solely responsible for his injuries/damages. Such failure caused and contributed to cause all of the injuries and damages alleged to have been sustained by the Plaintiff.

III.

Pleading further, and in the alternative, and without waiving the foregoing, Defendants say that any damages complained of herein, were proximately caused, producingly caused or solely caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of the Plaintiff or third parties or persons or entities over whom Defendants have no right of control including, but not limited to, Plaintiff's employer, Exterran Corporation.

IV.

Defendants specifically deny that they were guilty of any negligence whatsoever; if Defendants are mistaken in their allegation that the Plaintiff was negligent as above alleged then Defendants allege that the occurrence and alleged damages in question were the result of factors and/or conditions outside of Defendants' control.

V.

Pleading further, and in the alternative, if such be necessary and subject to the foregoing pleas and without waiving the same, Defendants would show that in the unlikely event they are found liable to the Plaintiff, any such liability is expressly denied and Defendants say that they are entitled to indemnity, credit, offset and/or contribution provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapter 32 and Chapter 33 of the

2

TEX. CIV. PRAC. & REM. CODE, as well as all other applicable laws and statutes, and pursuant to common law.

VI.

For further answer, if such be necessary, Defendants allege as follows:

a.      Plaintiff may not recover any amount of damages if Plaintiff's percentage of responsibility is greater than 50%, regardless of the theory of recovery pled.  Tex. Civ. Prac. & Rem. Code §33.001.  Further, the trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility for each claimant, each defendant, each settling party, and each responsible third party.  Tex. Civ. Prac. & Rem. Code §33.003.

b.      For further answer, if such be necessary, Defendants allege that in accordance with §33.013(c) of the Tex. Civ. Prac. & Rem. Code, they may not be jointly and severally liable for any amount of claimed damages unless the percentage of responsibility of Defendants when compared with that of the Plaintiff, and any other party, settling party and/or each responsible third party is equal to or greater than 51%.

VII.

Defendants assert that the occurrence, injuries and damages alleged by the Plaintiff resulted from an intervening, superseding, new or independent cause, including but not limited to the acts of the Plaintiff, third parties and/or responsible third parties, including, but not limited to, Plaintiff's employer, Exterran Corporation, without the knowledge or consent of Defendants, which was the proximate and/or producing cause and/or sole proximate and/or sole cause of the occurrence, injuries and damages alleged by the Plaintiff.  Moreover, the occurrence, injuries and damages were caused by separate, independent events or agencies not reasonably foreseeable. Such separate, independent events or agencies destroyed a causal connection, if any, between any

3

breach of legal duty on the part of the Defendants and the occurrence, injuries and damages alleged by the Plaintiff, and thereby became the immediate and/or sole cause and/or proximate cause of such occurrence, injuries and damages, relieving Defendants of liability to the Plaintiff or to any other party.

VIII.

Pursuant to Rule 193.7 of the *Texas Rules of Civil Procedure,* Defendants hereby give actual notice to Plaintiff that any and all documents produced may be used against the Plaintiff or any other party at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

IX.

Defendants also assert limitations on the recovery of medical damages as set forth in § 41.0105 of the *Texas Civil Practices and Remedies Code.*

X.

Defendants further invoke *Texas Civil Practice & Remedies Code* §18.091 and would show unto the Court that any claimant seeking recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value, or loss of inheritance should be required to be presented in the form of a net loss after reduction for income tax payments and Defendants will further request jury instructions regarding whether recoveries are subject to Federal or State income taxes.

XI.

Plaintiff may not recover punitive damages in this case, Texas law already compensates Plaintiff for every element of damages.   Punitive damages do not serve any function now appropriate in the context of a case for civil damages.

4

XII.

If this Court decides that punitive damages should be awarded in this case, the damages should go to a charitable or public body rather than to Plaintiff and his counsel.  The purpose of punitive damages would not be served by a windfall award to the parties to civil litigation.

XIII.

Punitive damages should not be awarded in this case since the criminal statutes of Texas serve the appropriate function to punish any wrongful conduct by Defendants.  As a result, punitive damages are not necessary to fulfill any function or punishment or deterrence.

XIV.

Plaintiff should be not permitted to recover punitive damages in this case since the award of such damages would be a simple windfall for Plaintiff.  Such damages would be awarded at the expense of future Plaintiffs if the economic viability of Defendants is threatened by the award in this case.  Plaintiff may recover his full amount of compensatory damages under Texas law, and the award of punitive damages is not justified.

XV.

The award of punitive damages in this case would be against public policy.  As a result, Plaintiff should not be entitled to recover such damages.

XVI.

The award of punitive damages in this case is unconstitutional.  Such award would violate Defendants' rights to due process of law.  Punitive damages constitute a taking of property without due process.  There are no reasonable standards to use for the award of such damages.  Defendants

5

are being punished without a specific statutory scheme as required by both the state and federal constitutions.  There are insufficient procedural safeguards for such an award.

## XVII.

If this court decides that punitive damages should be awarded, the award of such damages should be limited to an amount not greater than the total amount of compensatory damages in the case.  The jury should not be permitted to simply speculate about the award of such damages.

## XVIII.

The award of punitive damages in this case is unconstitutional and would violate Defendants' rights to due process of law since the award of such damages is based solely upon speculation by the jury.  The jury should not have limitless discretion in the award of potentially disastrous damages against Defendants.  Punitive damages, unlike actual damages, are not based on any rational decision.  Such speculation by the jury is unlawful.

## XIX.

Punishment and deterrence are not viable theories of recovery in a civil setting.  As a result, punitive damages are not appropriate in this case.  Civil juries are not equipped or authorized to handle such matters.

## XX.

If this Court decides that punitive damages should be awarded, the damages must be based on a finding of intention, malicious and conscious criminal misconduct by Defendants.

## XXI.

Plaintiff should not be entitled to recover punitive damages in this case because there is a total lack of uniformity, consistency and predictability in the award of punitive damages.  The

award is an unfettered destructive force which erodes any economic stability in society. The public policy against such an award far outweighs any reasonable notion of punishment or deterrence.

## XXII.

Plaintiff should not be entitled to recover punitive damages in this case since the threat of punitive damages is a method by which Plaintiff seeks to intimidate Defendants into excessive and unreasonable settlements. This approach clearly violates public policy.

## XXIII.

Plaintiff should not be entitled to recover punitive damages in this case since Plaintiff is using the threat of punitive damages to inflame, bias and prejudice the jury. This approach clearly violates public policy.

## XXIV.

The award of punitive damages in this case is unconstitutional. Such an award would violate the Excessive Fines Clause of the Eighth Amendment as applied to this proceeding through the Fourteenth Amendment.

## XXV.

The award of punitive damages in this case is improper under the U. S. Constitution and the Texas Constitution. Such an award would violate Defendants' rights to due process of law under the U. S. Constitution and the Texas Constitution. There are no standards for the award of such damages. Such an award would be taking a property without the due process of safeguards set forth in the U. S. Constitution and the Texas Constitution.

## XXVI.

Defendants assert all of the provisions and defenses contained in Chapter 41 of the Texas Civil Practice and Remedies Code.  Plaintiff may not be awarded exemplary damages unless he establishes by clear and convincing evidence that Defendant acted with malice, which it denies. Tex.Civ.Prac. & Rem. Code §41.003.  Defendant further requests that the jury be instructed as required by Tex.Civ.Prac. & Rem. Code §41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendants deny, and that prejudgment interest may not be assessed or recovered on any award of punitive or exemplary damages. Tex.Civ.Prac. & Rem. Code §41.007.

In the unlikely event of any exemplary damage award, Defendants further invoke the provisions of Tex.Civ.Prac. & Rem. Code §41.008 limiting any award of exemplary damages to either $200,000 or (2) times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.00.

XXVII.

None of the acts or omissions alleged by Plaintiff as the underlying cause of his alleged damages was perpetrated by Defendant, Northwest Logistics Heavy Haul's, *vice principals* and, accordingly, does not and cannot support an award of punitive or exemplary damages against this Defendant. Exemplary damages may be awarded against a corporation "only if the corporation (1) authorizes or ratifies an agent's/employee's malice, (2) maliciously hires an unfit agent, or (3) acts with malice through a vice principal." *Qwest Int'l Commc'ns, Inc. v. AT&T Corp.,* 167 S.W.3d 324, 326 (Tex. 2005) citing *Mobil Oil Corp. v. Ellender,*968 S.W.2d 917, 921 (Tex. 1998) (a corporation can only be held liable for punitive damages if it authorizes or ratifies an agent's gross negligence or if it is grossly negligent in hiring an unfit agent).

XXVIII.
8

Defendants assert the defense of unavoidable accident and the jury should be instructed accordingly.  An occurrence may be an unavoidable accident, that is, an event not proximately caused by the negligence of any party to the occurrence.

XXIX.

Defendants assert the defense of emergency and the jury should be instructed accordingly. The incident in question resulted from an "emergency" arising suddenly and unexpectedly, which was not proximately caused by any negligence on the part of these Defendants and which, to a reasonable person, requires immediate action without time for deliberation. The conduct in such an emergency is not negligence or failure to use ordinary care if, after such emergency arises, a person acts as a person of ordinary prudence would have acted under the same or similar circumstances.

XXX.

Defendants would show that any injuries, damages or liabilities complained of by Plaintiff are the result, in whole or in part, of pre-existing conditions, injuries, diseases and disabilities or subsequent conditions, injuries, diseases or disabilities of Plaintiff and not the result of any act or omission on the part of the Defendants.

XXXI.

Defendants allege that the Plaintiff failed to mitigate, reduce or prevent his damages, if any, as required under applicable law.

XXXII.

9

Further, Defendants urge that if Plaintiff has failed to make and perfect any available claim for health insurance or worker's compensation insurance or any other available method for reducing the cost of necessary medical care, then Plaintiff has failed to mitigate his damages as required, and recovery for such damages, if any, should be reduced on that basis.

Defendants further assert the terms and conditions of the Affordable Care Act requiring all persons to carry and use health and medical insurance coverage. Accordingly, Plaintiff's failure to do so, if any, amounts to a failure to mitigate the costs of his health and medical care and treatment, both past and future.

## XXXIII.
## DESIGNATION OF RESPONSIBLE THIRD PARTY

The incident made the basis of this lawsuit was caused, in whole or in part, by the acts or omissions of the negligence or conduct of Plaintiff's employer, Exterran Corporation, including but not limited to its failure to train, instruct and/or supervise the Plaintiff, and its negligence or fault should be submitted to the Jury.

Texas employers such as Exterran Corporation are charged with non-delegable duties owed to their employees to train them, provide them with safe equipment, a safe place to work, safe tools to do the work, competent co-employees to assist with the work, and safety regulations enforced in the workplace. Pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code, Defendants hereby designate the Plaintiff's employer, Exterran Corporation, as a responsible third party whose conduct should be considered by the Jury in this case.

## XXXIV.
## RESERVATION

10

Defendants specifically reserve the right to file additional amended and/or supplemental Answers, Third-Party Complaints, Counterclaims and/or Cross Claims, additional affirmative defenses and/or other matters constituting avoidance such as the facts of this matter may disclose and require.

JURY DEMAND

Further, Defendants herein, pursuant to the provisions of Rule 216 of the *Texas Rules of Civil Procedure*, hereby formally make this demand and application for a jury trial in this litigation. The appropriate fee is being paid contemporaneously with the filing of this answer.

WHEREFORE, PREMISES CONSIDERED, Defendants, Nick Roosa and Northwest Concrete Products, Inc., d/b/a Northwest Logistics Heavy Haul, incorrectly named herein as Northwest Logistics Heavy Haul, herein pray that the Plaintiff takes nothing by reason of this suit, that the Defendants be discharged and that they go hence with their costs, without day, and for all such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled, for which they will in duty bound forever pray.

11

Respectfully submitted,

TAUNTON, SNYDER & PARISH, P.C.

/s/ John P. Abbey

John P. Abbey
Texas Bar No.: # 00789010
777 North Eldridge Parkway, Suite 450
Houston, Texas 77079
713/961-5800
FAX 713/993-2308
jabbey@tsplaw.com
*Attorney for Defendants, Nick Roosa and*
*Northwest Concrete Products, Inc., d/b/a Northwest*
*Logistics Heavy Haul*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all parties and/or their counsel of record via E-filing pursuant to Rule 21a of *the Texas Rules of Civil Procedure,* on this 1ˢᵗ day of February, 2021.

J. Moises Cedillos                          *Via E-Service:* moises@cedilloslaw.com
CEDILLOS LAW FIRM, PLLC
3801 Kirby Drive, Suite 510
Houston, Texas 77098
*Attorneys for Plaintiff,*
*Chan Inthavong*

/s/ John P. Abbey

JOHN P. ABBEY

12