United States District Court
Southern District of Texas
**ENTERED**
December 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAN INTHAVONG, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-00366 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| NICK ROOSA and NORTHWEST CONCRETE PRODUCTS INC d/b/a NORTHWEST LOGISTICS HEAVY HAUL, | § | |
| Defendants. | § | |

OPINION AND ORDER
DENYING PARTIAL MOTION TO DISMISS

The motion by Defendants to dismiss the gross negligence claims and request for punitive damages is denied. Dkt 12.

1. Background

Plaintiff Chan Inthavong was working on top of a scissor lift in July 2019 when a tractor trailer struck the scissor lift, causing him to fall onto the concrete floor beneath. Dkt 8 at ¶¶ 9–10. He was rendered unconscious for approximately five to ten minutes and began bleeding from his head. Id at ¶¶ 11–13.

Inthavong brought action in December 2020 in Texas state court against Defendants Nick Roosa and Northwest Concrete Products Inc, doing business as Northwest Logistics Heavy Haul. Dkt 1-2 at 2–7. Roosa was driving

the tractor trailer that struck the scissor lift, and Inthavong alleges that Roosa was working in the scope of his employment with Northwest Concrete Products at the time of the accident. Id at ¶¶ 14–25. He seeks compensatory and exemplary damages along with costs. Id at ¶ 38.

Roosa and Northwest Concrete Products removed the action in February 2021. Dkt 1. They then immediately moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 2. That motion was stricken for failure to comply with Section 17(b) of this Court's procedures. Dkt 3.

Inthavong filed an amended complaint in March 2021, asserting the same causes of action. Dkt 8. Roosa and Northwest Concrete Products now move pursuant to Rule 12(b)(6) to partially dismiss the gross negligence claims and "associated claims of punitive and exemplary damages." Dkt 12 at 1. They don't move to dismiss the negligence and negligence *per se* claims.

### 2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the Defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 US at 678, quoting *Twombly*, 550 US at 557.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (2019). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

    3.  Analysis

Roosa and Northwest Concrete Products argue that Inthavong must "prove by clear and convincing evidence" that their acts or omissions were grossly negligent under Texas law. Dkt 12 at 5, citing Tex Civil Practice & Remedies Code § 41.001(2) & (11); *Perez v Arredondo*, 452 SW3d 847, 864 (Tex App—San Antonio 2014, no pet). They further argue that a "corporation cannot be held liable for gross negligence unless the corporation itself commits the gross negligence." Id at 6, citing *Mobil Oil Corp v Ellender*, 968 SW2d 917, 921 (Tex 1998). And they assert that Inthavong "does not mention, much less allege, any facts supporting any conduct that would rise to the heightened level required for a claim of gross negligence and the recovery of exemplary or punitive damages." Id at 6.

*As to the gross negligence claim against Roosa.* To state a claim for gross negligence, a plaintiff must prove by clear and convincing evidence that, *first*, when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and *second*, the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. *U-Haul International Inc v Waldrip*, 380 SW3d 118, 137 (Tex 2012), citing Tex Civil Practice & Remedies Code § 41.001(11). "Gross negligence is typically a question of fact" and is therefore "not well-suited for summary judgment"—much less for a motion to dismiss. *Almazan v CTB Inc*, 2000 WL 33348244, \*12 (WD Tex); see also *Roy v Bethlehem Steel Corp*, 838 F Supp 312, 316–17 (ED Tex 1993). And Texas courts also observe, "Negligence and gross negligence are not separable causes of action, but are inextricably intertwined." *Tesoro Petroleum Corp v Nabors Drilling USA Inc*, 106 SW3d 118, 126 (Tex App—Houston [1st Dist] 2002, pet denied).

To be sure, the pleading is thin. But even so, Defendants don't seek to dismiss the negligence claim on this basis. And the alleged facts adequately indicate that Roosa saw Inthavong working on top of the scissor lift before he entered his tractor trailer, set the tractor trailer in motion while observing Inthavong's location, and only moved approximately two to five feet before hitting the scissor lift. Dkt 8 at ¶¶ 14–16, 21. It may be that Inthavong will eventually fail to meet his burden of proof. But such facts sufficiently support his claim for gross negligence against Roosa.

*As to the gross negligence claim against Northwest Concrete Products.* Under Texas law, a corporation commits gross negligence "only if it (1) authorizes or ratifies an agent's malice, (2) maliciously hires an unfit agent, or (3) acts with malice through a vice principal." *Qwest International Communications Inc v AT&T Corp*,

4

167 SW3d 324, 326 (Tex 2005). Defendants approach this question as to what will (or won't) eventually be proven at trial. But whether Northwest Concrete Products authorized or ratified Roosa's alleged gross negligence, was grossly negligent in hiring him, or committed gross negligence itself in some way are all necessarily questions of fact that needn't be established at this juncture.

Inthavong has sufficiently pleaded facts to support his claim for gross negligence against Northwest Concrete Products.

*As to punitive damages.* Punitive damages are available to plaintiffs under Texas law when the evidence shows that the defendant acted with fraud, malice, or gross negligence. Tex Civil Practice & Remedies Code Ann § 41.003(a). Inthavong's request for punitive damages must necessarily go forward because he sufficiently pleaded gross negligence claims against Roosa and Northwest Concrete Products.

4. Conclusion

The motion by Defendants Nick Roosa and Northwest Concrete Products Inc, doing business as Northwest Logistics Heavy Haul, to dismiss the gross negligence claims and request for punitive damages is DENIED. Dkt 12.

SO ORDERED.

Signed on December 20, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge